IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO RODRÍGUEZ REYES, Plaintiff, v. BTB CORPORATION, et al., Defendants, v. SUPER ASPHALT PAVEMENT CORP., Third-Party Defendants. | CIVIL NO.: 14-1726 (MEL) |

**OPINION AND ORDER**

Pending before the court is BTB Corporation's motion for service by publication as to third-party defendant R. Betances Construction.[1] ECF No. 69. Attached to said motion is an affidavit from process server Guillermo J. Torres, dated June 8, 2015, detailing his attempts to serve R. Betances Construction. ECF No. 69-1. Upon reviewing the filings and the applicable law regarding service of summons by publication, BTB Corp.'s motion for service by publication is denied without prejudice.

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service upon an individual within a judicial district who has not waived service and who is neither an infant nor an incompetent person may be effected "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ."

---

[1] Although the party is listed in the complaint as "BTB Asphalt Corporation," it has clarified that it was erroneously named as such, and is in fact named "BTB Corporation." ECF No. 70, at 1.

Fed.R.Civ.P. 4(e)(1). Rule 4.6 of the Puerto Rico Rules of Civil Procedure ("Rule 4.6") provides as follows:

> The court shall issue an order providing for a summons by publication when the person to be served is outside of Puerto Rico or if in Puerto Rico, cannot be located although pertinent attempts have been made to locate him/her, or when the person goes into hiding to avoid being served, or if it is a foreign corporation with no resident agent, and it is proved to the satisfaction of the court through an affidavit stating the steps taken, and said statement or sworn complaint filed states that justifies the granting of some relief against the person to be served or that said person is the proper party in the suit action. The return of process, unexecuted, shall not be a prerequisite for an order for service by publication.

T. 32 Ap. V, Rule 4.6(a). When service of process is attempted pursuant to a procedural rule of Puerto Rico, this Court is bound by the interpretations of that rule by the Supreme Court of Puerto Rico. Culebra Conservation & Dev. Authority v. Wit Power II, 108 F.R.D. 349, 352 (D.P.R.1985). The Supreme Court of Puerto Rico has "insisted upon strict compliance with the requirements for service outlined in the Puerto Rico Rules of Civil Procedure, notably, Rule 4.5."[2] Culebra Conservation, 108 F.R.D. at 352. "The strictness of the[se] requirement[s] is based on the fact that service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant—publication—that is quite likely to go unobserved." Senior Loíza Corp., 760 F.2d at 24. Insofar as "Rule 4.5 sets out the exclusive method through which a court may obtain jurisdiction over a party solely by way of publication . . . any significant failure to comply with its requirements will cause the nullity of the judgment." Senior Loíza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir.1985); see also

---

[2] The rule for service by publication was formerly codified as T. 32 Ap. III, Rule 4.5, which contained the same text as the current Rule 4.6(a), with the sole exception that Rule 4.6(a) added the sentence: "The return of process, unexecuted, shall not be a prerequisite for an order for service by publication."

Culebra Conservation, 108 F.R.D. at 352. Accordingly, "[t]he affidavit must set forth specific probative facts showing that due diligence has been employed to locate defendants, and said statement, or the verified complaint, must properly show that plaintiff has a good cause of action." Union De Periodistas, Artes Graficas y Rama Anexas v. The San Juan Star Co., No. Civ. 10-1679 (SEC), 2011 WL 280850, *1 (D.P.R. Jan. 25, 2011) (citing Senior Loíza Corporation, 760 F.2d at 24).

The process server's affidavit details his efforts to locate and serve R. Betances Construction: on April 1, 2015 he received the summons and third-party complaint to be served on R. Betances Construction; since April 1, 2015 he has "performed investigative actions both on the field and through the [i]nternet," but could not find an address at which to successfully serve the company's directors or officials; he learned that Rafael Luis Betances Yordán was the corporation's resident agent and visited the address of record for R. Betances Construction listed on the Puerto Rico State Department's corporation registry, but the security guard for the gated community in which the address was located informed him that he was not familiar with Rafael Luis Betances Yordán or R. Betances Construction and that the property is currently occupied by a family whose last name is Hernández; the process server then contacted R. Betances Construction's "authorized person," according to its 2013 Annual Report filed with the Puerto Rico State Department, and was informed that Rafael L. Betances Yordán and his father Julio R. Betances Bexach are now living in the United States at an unknown address; he identified a telephone number through which he was able to call and speak with Julio R. Betances Rexach and Belissa Yordán Sabater, parents of Rafael L. Betances Yordán, but they refused to give the process server information regarding their son's whereabouts; finally, the process server called

3

Rafael L. Betances Yordán to his mobile phone, leaving several voice messages, but had not received a phone call in response, as of June 8, 2015. ECF No. 69-1. Each of these efforts relates to the first requirement of Rule 4.6(a)—that the attempts be undertaken to locate the individual or corporation to be served; however, Rule 4.5 contains an additional requirement that the party seeking service by publication have a "good cause of action." A party seeking service by publication must submit an affidavit or verified complaint "that justifies the granting of some relief against the person to be served or that said person is that proper party in the suit action," which the First Circuit Court of Appeals has interpreted to mean the party must put the court in a position "to ascertain *reliably* that plaintiff has a good cause of action." Senior Loíza Corp. v. Vento Dev. Corp., 760 F.2d 20, 24 (1st Cir. 1985) (emphasis added); see also Union De Periodistas, Artes Graficas y Rama Anexas v. The San Juan Star Co., No. Civ. 10-1679 (SEC), 2011 WL 280850, *1 (D.P.R. Jan. 25, 2011) ("The affidavit must set forth specific probative facts showing that due diligence has been employed to locate defendants, *and* said statement, or the verified complaint, must properly show that plaintiff has a good cause of action.") (citing Senior Loíza Corp., 760 F.2d 20, 24 (1st Cir. 1985) (emphasis added)). Because BTB Corp. has not submitted either a verified third-party complaint against R. Betances Construction or submitted an affidavit from which the court can ascertain that it has "a good cause of action" against R. Betances Construction, its motion for service by publication is denied without prejudice.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 24th day of June, 2015.

                                               s/Marcos E. López
                                               U.S. Magistrate Judge