IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO RODRÍGUEZ REYES, | |
| Plaintiff, | |
| v. | CIVIL NO.: 14-1726 (MEL) |
| BTB CORPORATION, et al., | |
| Defendants, | |
| v. | |
| SUPER ASPHALT PAVEMENT CORP., | |
| Third-Party Defendants. | |

**OPINION AND ORDER**

Pending before the court is BTB Corporation's motion to impose the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(a)(1), in which it informs the court that on May 17, 2015 it filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. ECF No. 70. BTB Corp.'s motion, along with the responses to BTB Corp.'s motion filed by plaintiff, co-defendant Curbelo & Rullán Consulting Engineers, third-party defendant Super Asphalt Pavement Corp., and Autopistas Metropolitanas de Puerto Rico, LLC (ECF Nos. 81, 82, 83, 84) are hereby noted.

Section 362(a)(1) of the United States Bankruptcy Code (the "Code") provides of an automatic stay "of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor . . ." 11 U.S.C. §§ 362(a)(1) & (a)(3). As the parties acknowledge, all claims against BTB Corp. in this case must be stayed pursuant to § 362(a)(1). However, the third-party claims and cross-claims brought *by* BTB Corp. will remain active, as

"[t]he automatic stay 'has absolutely no effect on the debtor's ability to bring suit *against other parties*.'" In re Atlas IT Export, LLC, 491 B.R. 192, 195 (1st Cir. BAP 2013) (citing DiMaio Family Pizza & Luncheonette, Inc. v. The Charter Oak Fire Ins. Co., 448 F.3d 460, 463 (1st Cir. 2006) (emphasis in original) (quoting Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 398 (1st Cir. 2002))); see also Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194 (3d. Cir. 1991) ("Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay. Thus, within one case, actions *against* a debtor will be suspended even though closely related claims asserted *by* the debtor may continue." (citations omitted)).

While it is clear that all claims against BTB Corp. are automatically stayed pursuant to § 362(a)(1), plaintiff and Curbelo & Rullán Consulting Engineers each assert that the case should proceed against all parties other than BTB Corp., including MAPRE, as insurer of BTB. Corp. See ECF Nos. 81, at 2; 82, at 2. Although § 362(a)(1) does not prohibit claims from proceeding against a debtor's insurer, such claims are nonetheless subject to an automatic bankruptcy stay. Section 362(a)(3) of the Code automatically enjoins "all entities" from "any action to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Section 541 of the Code defines "property" as "all legal and equitable interests of the debtor." Id. at § 541(a)(1). The Court of Appeals for the First Circuit has explicitly found that proceeds of a liability insurance policy are property of a debtor's estate pursuant to § 541(a)(1):

> Tringali argues that the proceeds of liability insurance are not subject to the "automatic stay," for they are not "property of the

2

> estate." 11 U.S.C. § 541(a)(1) . . . . We do not agree with the initial premise of this argument, however, for language, authority, and reason all indicate that proceeds of a liability insurance policy are "proceeds of the estate."

Tringali v. Hathaway Machinery Co., Inc., 796 F.2d 553, 560 (1986) ("Every court that has recently considered the specific question has held that liability insurance falls within the scope of § 541(a)(1)."). In reaching this decision, the First Circuit made clear that "[t]he language of § 541(a)(1) is broad enough to cover an interest in liability insurance, namely, the debtor's right to have the insurance company pay money to satisfy one kind of debt—debts accrued through, for example, the insured's negligent behavior." Tringali, 796 F.2d at 560; see also Villafañe, 932 F.Supp.2d at 280-82 (granting motion to stay all proceedings against debtor and its insurer pending the outcome of the debtor's bankruptcy proceedings (citing Tringali, 796 F.2d 553)). A review of the amended complaint reveals that plaintiff sued MAPFRE as insurer of co-defendant Christopher Concepción López, but did not explicitly name MAPRE as insurer for BTB Corp. See ECF No. 24. Curbelo & Rullán Consulting Engineer, however, has expressly sued MAPFRE as insurer of BTB Corp, alleging that MAPRE "issued an insurance policy with BTB Corporation as principal insured, which includes public liability coverage that covers the accident" at issue in this case.[1] ECF No. 55, at 12. In view of the holding in Tringali, Curbelo & Rullán Consulting Engineer's crossclaim against MAPFRE, as insurer of BTB Corp., is also subject to the automatic bankruptcy stay.

In light of the foregoing, plaintiff's claim against BTB Corp. in the amended complaint (ECF No. 24) and Curbelo & Rullán Consulting Engineer's crossclaim against BTB Corp. (ECF

---

[1] BTB Corp. filed a crossclaim against MAPFRE as insurer of Christopher Concepción López; however, on May 12, 2015, BTB moved to voluntarily dismiss the crossclaim without prejudice, prior to MAPFRE's appearance in this case, and the court granted BTB's request for voluntary dismissal. ECF Nos. 30, 31.

No. 55, at 12) are stayed. All proceedings regarding those claims, including discovery, shall be stayed, as well. Additionally, Curbelo & Rullán Consulting Engineer's crossclaim against MAPFRE, as insurer of BTB Corp., shall be stayed. All other claims, crossclaims, and third-party claims, including those brought by BTB Corp. and those against MAPFRE, as insurer of Christopher Concepción López, shall remain active.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 24th day of June, 2015.

s/Marcos E. López
U.S. Magistrate Judge
