IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO RODRÍGUEZ REYES, <br><br> Plaintiff, <br><br> v. <br><br> BTB CORPORATION, et al., <br><br> Defendants, <br><br> v. <br><br> SUPER ASPHALT PAVEMENT CORP., <br><br> Third-Party Defendants. | CIVIL NO.: 14-1726 (MEL) |

## ORDER

On June 24th, 2015, this court stayed all claims against BTB Corporation ("BTB Corp." or "Debtor") pursuant to 11 U.S.C. § 362(a)(1) after BTB Corp. filed for bankruptcy in the United States Bankruptcy Court for the District of Puerto Rico case 15-3681 (MCF) ("bankruptcy case"). ECF No. 89. On July 17, 2015, Defendant Curbello & Rullán Consulting Engineers ("Curbelo & Rullán") filed a Motion for Reconsideration ("Motion") requesting that the stay be lifted to allow the case to proceed against BTB Corp.'s insurer, MAPFRE PRAICO Insurance Company ("Mapfre"). ECF No. 95. Said motion is NOTED. Attached to the Motion was a stipulation filed by BTB Corp., Curbelo & Rullán, and Universal Insurance Company in the relevant bankruptcy case. This stipulation stated that "Debtor consents to the lifting of the automatic stay in order for the cases to proceed against MAPFRE PRAICO, as insurer of Debtor, upon approval of this Stipulation." ECF No. 95-2. The bankruptcy court subsequently approved the stipulation on August, 28, 2015. ECF No. 100. Plaintiff Francisco Rodríguez Reyes did not join either the Motion in this case or the stipulation in the bankruptcy case. On August 3, 2015, Mapfre filed an opposition to the Motion.

Mapfre's arguments were threefold. ECF No. 98. First, Mapfre argued that the Motion did not meet the standard for a motion for reconsideration. ECF No. 98, at 2–4. This argument is unavailing because, although the

Motion was titled a motion for reconsideration, "[a]scertaining a motion's character depends upon its substance, not its appellation." United States v. Oritz, 741 F.3d 288, 291 (1st Cir. 2014). Here, the Motion is more appropriately considered a motion to lift the bankruptcy stay, thus it need not comply with the standard for a motion for reconsideration. The Motion need only provide the Court with justification for lifting the bankruptcy stay. Second, Mapfre claimed the stay should not be lifted because the bankruptcy code intended to protect the insurance policy coextensively with the debtor. ECF No. 98, at 4–5. Although this is true, the bankruptcy court has independent authority to lift the stay. Rivera Olivera v. Antares Oil Services, 482 B.R. 44, 47 (D.P.R. 2012). If the bankruptcy court orders the stay lifted, the case before this court will proceed. Third, Mapfre claims that the language of the insurance policy does not establish that Mapfre waives the right to enforce a stay. ECF No. 98, at 5–6. For the purposes of the bankruptcy stay, however, the insurance policy is "proceeds of the estate." Tringali v. Hathaway Machinery Co., Inc., 796 F.2d 553, 560 (1986). Thus, the bankruptcy court can order the case to proceed against the proceeds of BTB Corp., namely the Mapfre insurance policy.

Here, the bankruptcy court approved a stipulation that only encompasses the third party complaint of Curbelo & Rullán against BTB Corp. and Mapfre, as insurer, but there is no expression regarding the plaintiff. Lifting the stay in accordance with this stipulation would result in claims against the same party, Mapfre, proceeding in part (as to the third party complaint) and being stayed in part (as to the complaint). At this juncture it would be inefficient to have the case partially proceed against the same party. Thus, the parties shall provide evidence to clarify whether the bankruptcy court has lifted the stay against Mapfre, as insurer of BTB, in respect to both the complaint of plaintiff, Francisco Rodríguez Reyes, and Curbelo & Rullán's third party complaint.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 14th day of October, 2015.

s/Marcos E. López
U.S. Magistrate Judge