**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FRANCISCO RODRIGUEZ-REYES,<br><br>    Plaintiff,<br><br>        vs.<br><br>BTB ASPHALT CORPORATION, et al.<br><br>    Defendants. | CIVIL NO. 14-1726 (MEL) |
| BTB ASPHALT CORPORATION,<br><br>    Third Party Plaintiff,<br><br>        vs.<br><br>SUPER ASPHALT PAVEMENT CORP, et al.<br><br>    Third Party Defendants. | |
| CURBELO & RULLAN CONSULTING ENGINEERS, P.S.C.<br><br>    Third Party Plaintiff,<br><br>        vs.<br><br>AUTOPISTAS METROPOLITANAS DE PUERTO RICO, et al.<br><br>    Third Party Defendants | |

MAPFRE PRAICO INSURANCE COMPANY

Third Party Plaintiff,

vs.

UNIVERSAL INSURANCE COMPANY, et al.

Third Party Defendants

**OPINION AND ORDER**

Pending before the court is Universal Insurance Company ("Universal") and Cooperativa de Seguros Múltiples de Puerto Rico's ("Seguros Múltiples") joint motion to dismiss MAPFRE PRAICO Insurance Company's ("MAPFRE") third party complaint (ECF No. 116) as time barred. ECF No. 158.

I.   **Factual Background and Procedural History**

On September 25, 2014, Francisco Rodríguez Reyes ("plaintiff") filed the original complaint in this case. ECF No. 1. In his complaint, plaintiff alleges that on March 9, 2014, his father Ángel Rodríguez Cordero was working on an expressway when Mr. Rodríguez Cordero was struck and killed by a truck driving in reverse. Id. at pg. 2 and 3. Plaintiff contends that his father's death was a result of defendants' negligence (Id. at pg. 3), and that the court has diversity jurisdiction over his state law claims. Id. at pg. 1.

On March 2, 2015, plaintiff amended his complaint to bring in Christopher Concepción López, MAPFRE, and Curbelo and Rullán Consulting Engineers ("Curbelo") as co-defendants. See ECF No. 24 at pg. 2. The court subsequently issued an order requiring the parties to exchange initial disclosures under Rule 26 of the Federal Rules of Civil Procedure by June 1, 2015. ECF No. 50. In compliance with the same, Curbelo notified all parties of its initial

disclosures on June 1, 2015. ECF No. 172-1. According to MAPFRE, Curbelo included with its initial disclosures certificates of liability insurance from Universal and Seguros Múltiples. ECF No. 171 at pg. 2; See ECF Nos 172-1, 172-2 and 172-3.

On October 29, 2015, co-defendant MAPFRE filed a third party complaint against Universal and Seguros Múltiples as insurers of Curbelo.[1] ECF No. 116. Universal and Seguros Múltiples subsequently filed the matter pending before the court, a joint motion to dismiss the third party complaint on the grounds the third party complaint is time barred. ECF No. 158.

**II.     Analysis**

In Puerto Rico, tort actions are governed by the one year statute of limitations provided in Article 1868 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31, § 5298. That one year prescriptive period begins to run when the aggrieved party knew or should have known the existence of the damage, who caused it, and the necessary elements to be able to effectively exercise the cause of action. Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 D.P.R. 365 (2012).

In support of their motion to dismiss, Universal and Seguros Múltiples rely on Fraguada Bonilla v. Hosp. Aux. Mutuo 186 D.P.R. 365, a case in which the Puerto Rico Supreme Court held that the filing of a tort action against one tortfeasor no longer interrupts the prescriptive period for the other tortfeasors.[2] The Supreme Court of Puerto Rico applied this principle in Maldonado Rivera v. Suarez, 2016 TSPR 57 when they dismissed a third party complaint filed by a defendant against an alleged joint tortfeasor. The Supreme Court reasoned that the period for plaintiff to demand liability from the third party defendants had elapsed, and plaintiff never interrupted that period by including the third party as co-defendants, therefore the subsidiary

---

[1] Under Puerto Rico law, an insurance company is liable for the negligence or fault of its insured. 26 L.P.R.A. § 2001.
[2] The parties' briefing included citations to several untranslated cases in Spanish. Local Court Rule 5 requires that all documents presented or filed be accompanied by a certified translation into English. U.S.Dist.Ct.Rules D.P.R., L.Cv.R. 5(g). Apart from citations to the cases discussed in this opinion, the court did not consider citations to untranslated cases in Spanish.

third party claim was time barred as well. Id. In this respect, Universal and Seguros Múltiples contend that they were not included in the plaintiff's amended complaint, nor was the prescriptive period interrupted against them; therefore, any claims against them expired by the time MAPFRE filed its third party complaint.

If the prescriptive period for MAPFRE's third party claim began to run on the date plaintiff alleges his father died, Universal and Seguros Múltiples' argument may have merit. MAPFRE correctly argues, however, that the prescriptive period for any claims against Unviersal and Seguros Múltiples did not begin to run until the parties became aware of Universal and Seguros Múltiples' liability. It was not until June 1, 2015, that Curbelo notified the parties of its certificates of insurance pursuant to its initial disclosures. It was on that date that MAPFRE, or any other party, was able to identify its right to remedy against Universal and Seguros Múltiples as Curbelo's insurers. Accordingly, the one year prescriptive period for any claim against Universal and Seguros Múltiples did not begin to run until June 1, 2015. MAPFRE filed its third party complaint against Universal and Seguros Múltiples on October 29, 2015; therefore MAPFRE's third party claim against Universal and Seguros Múltiples is not time barred.

### III. Conclusion

Based on the foregoing analysis, Universal and Seguros Múltiples' joint motion to dismiss (ECF No. 158) is DENIED.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 17th day of November, 2016.

                                                    s/Marcos E. López
                                                   U.S. Magistrate Judge